Kenneth WYNIEMKO, Petitioner–
Appellant,

v.

David SMITH, Warden, Ryan Correc-
tional Facility; Michigan Department
of Corrections, Respondents–Appel-
lees.

No. 00–1617.

United States Court of Appeals,
Sixth Circuit.

March 23, 2001.

Before SILER, MOORE, and CLAY,
Circuit Judges.

## ORDER

Kenneth Wyniemko, a pro se Michigan
prisoner, appeals a district court order
dismissing his petition for a writ of habeas
corpus filed pursuant to 28 U.S.C. § 2254.
This case has been referred to a panel of
the court pursuant to Rule 34(j)(1), Rules
of the Sixth Circuit. Upon examination,
this panel unanimously agrees that oral
argument is not needed. Fed. R.App. P.
34(a).

In 1994, a jury convicted Wyniemko of
one count of breaking and entering, one
count of armed robbery, and fifteen
counts of first degree criminal sexual con-
duct. Wyniemko was sentenced to con-
current sentences of ten to fifteen years of
imprisonment on the breaking and enter-
ing conviction, fifteen to twenty-five years
of imprisonment on the armed robbery
conviction, and forty to sixty years of im-
prisonment on each criminal sexual con-
duct conviction.

After exhausting his available state
court remedies, Wyniemko filed his habeas
corpus petition with the district court al-
leging ineffective assistance of trial and
appellate counsel. On November 1, 1999,
the parties stipulated to dismiss, without
prejudice, Wyniemko's unexhausted claim
of ineffective assistance of appellate coun-
sel. Subsequently, the district court dis-
missed the petition as meritless finding

that Wyniemko's trial counsel was not ineffective.

In his timely appeal, Wyniemko's continues to argue that his trial attorney was ineffective for several reasons.

■ In the appeal of a habeas corpus decision, a district court's legal conclusions are reviewed de novo while its findings of fact are reviewed for clear error. *DeLisle v. Rivers,* 161 F.3d 370, 380 (6th Cir.1998).

■ Upon review, we conclude that Wyniemko's attorney was not ineffective. A defendant claiming ineffective assistance of counsel must show that trial counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed a defendant by the Sixth Amendment, and that such errors prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Constitution imposes a standard of reasonableness. *Id.* The court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689. The courts presume that a lawyer is competent and, therefore, the burden rests on the petitioner to demonstrate a constitutional violation. *United States v. Pierce,* 62 F.3d 818, 833 (6th Cir.1995).

■ Our review of the record shows that Wyniemko's attorney vigorously represented his client. There is no merit to Wyniemko's claims of attorney errors constituting ineffective assistance of counsel.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.